IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

DAVID H.,[1]

              Plaintiff,

v.

COMMISSIONER, Social Security Administration,

              Defendant.

Case No. 3:19-cv-00571-MK

**OPINION AND ORDER**

**Kasubhai,** United States Magistrate Judge:

      Plaintiff David H. seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). This Court has jurisdiction to review the Commissioner's decision pursuant to 42 U.S.C. § 405(g). All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with Federal Rule of Civil Procedure 73 and 28 U.S.C. § 636(c). *See* ECF No. 16. For the reasons that follow, the Commissioner's final decision is REVERSED and this case is REMANDED for an immediate calculation and payment of benefits.

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and last name initial of non-government parties and their immediate family members.

Page 1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed an application for SSI in January 2013, alleging a disability onset date of October 23, 2013.[2] Tr. 15. His application was denied initially and upon reconsideration. *Id.* Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and a hearing was held on September 15, 2016. *Id.*; *see also* Tr. 28–57. On April 11, 2018, the ALJ issued a decision finding Plaintiff not disabled within the meaning of the Act. Tr. 15–24. The Appeals Council denied Plaintiff's request for review on April 21, 2018, making the ALJ's decision the final decision of the Commissioner. Tr. 1–6. This appeal followed.

## FACTUAL BACKGROUND

Born in 1973, Plaintiff was 38 years old on his alleged onset date. Tr. 59. Plaintiff was released from prison in 2012 and at the time of his hearing was living with his partner in his van. Tr. 39. He obtained GED and has past work experience as cashier and store laborer. Tr. 22, 53. He alleges disability based on mental health impairments. *See* Tr. 38, 169.

## LEGAL STANDARD

The court must affirm the Commissioner's decision if it is based on proper legal standards and the findings are supported by substantial evidence in the record. *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quotation omitted). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusion." *Martinez v. Heckler*, 807 F.2d 771, 772 (9th Cir. 1986). "Where the evidence as a

---

[2] "Tr." citations are to the Administrative Record. ECF No. 14.

whole can support either a grant or a denial, [the court] may not substitute [its] judgment for the ALJ's." *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007) (citation omitted); *see also Burch v. Barnhart*, 400 F.3d 676, 680-81 (9th Cir. 2005) (holding that the court "must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation"). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quotation omitted).

The claimant has the initial burden of proof to establish disability. *Howard v. Heckler*, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, the claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).

The Commissioner has established a five-step process for determining whether a person is disabled. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. §§ 404.1520, 416.920.  First, the Commissioner determines whether a claimant is engaged in "substantial gainful activity"; if so, the claimant is not disabled. *Yuckert*, 482 U.S. at 140; 20 C.F.R. §§ 404.1520(b), 416.920(b). At step two, the Commissioner determines whether the claimant has a "medically severe impairment or combination of impairments." *Yuckert*, 482 U.S. at 140-41; 20 C.F.R. §§ 404.1520(c), 416.920(c). A severe impairment is one "which significantly limits [the claimant's] physical or mental ability to do basic work activities[.]" 20 C.F.R. §§ 404.1520(c) & 416.920(c). If not, the claimant is not disabled. *Yuckert*, 482 U.S. at 141. At step three, the Commissioner determines whether the impairments meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude substantial gainful activity." *Id.*;

20 C.F.R. §§ 404.1520(d), 416.920(d). If so, the claimant is conclusively presumed disabled; if not, the analysis proceeds. *Yuckert*, 482 U.S. at 141.

At this point, the Commissioner must evaluate medical and other relevant evidence to determine the claimant's "residual functional capacity" ("RFC"), an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations his impairments impose. 20 C.F.R. §§ 404.1520(e), 404.1545(b)–(c), 416.920(e), 416.945(b)–(c). At the fourth step, the Commissioner determines whether the claimant can perform "past relevant work." *Yuckert*, 482 U.S. at 141; 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant can work, he is not disabled; if he cannot perform past relevant work, the burden shifts to the Commissioner. *Yuckert*, 482 U.S. at 146 n.5. At step five, the Commissioner must establish that the claimant can perform other work that exists in significant numbers in the national economy. *Id.* at 142; 20 C.F.R. §§ 404.1520(e)–(f), 416.920(e)–(f). If the Commissioner meets this burden, the claimant is not disabled. 20 C.F.R. §§ 404.1566, 416.966.

## THE ALJ'S DECISION

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since his application date. Tr. 17. At step two, the ALJ found that Plaintiff had the following severe impairments: anxiety and posttraumatic stress disorder ("PTSD"). *Id.*

At step three, the ALJ found that Plaintiff did not have an impairment or combination thereof that met or equaled a listed impairment. *Id*. The ALJ found that Plaintiff had the RFC to perform a full range of work at all exertional levels, with the following limitations:

> [He] is limited to performing simple, repetitive, routine tasks requiring no more than occasional contact with supervisors, coworkers and the general public.

Tr. 18.

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. Tr. 22. At step five, the ALJ found, in light of Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers such that Plaintiff could sustain employment despite his impairments. Tr. 23. The ALJ thus found Plaintiff was not disabled within the meaning of the Act. *Id*.

## DISCUSSION

Plaintiff asserts that remand is warranted for two reasons: (1) he argues that the ALJ erred by improperly rejecting his subjective symptom testimony; and (2) he asserts the ALJ erred in his weighing of the medical opinion evidence. The Court addresses each argument in turn.

**I.     Subjective Symptom Testimony**

When a claimant has medically documented impairments that could reasonably be expected to produce some degree of the symptoms complained of, and the record contains no affirmative evidence of malingering, "the ALJ can reject the claimant's testimony about the severity of . . . symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996) (internal citation omitted). A general assertion [that] the claimant is not credible is insufficient; instead, the ALJ must "state which . . . testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (internal citation omitted). If the ALJ's finding regarding the claimant's subjective symptom testimony is "supported by substantial evidence in the record, [the court] may not engage in second-guessing." *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (internal citation omitted).

Page 5 – OPINION AND ORDER

Social Security Ruling ("SSR") 16-3p provides that "subjective symptom evaluation is not an examination of an individual's character," and requires that the ALJ consider all the evidence in an individual's record when evaluating the intensity and persistence of symptoms.[3] SSR 16-3p, *available at* 2016 WL 1119029, at *1–2. The ALJ must examine "the entire case record, including the objective medical evidence; an individual's statements about the intensity, persistence, and limiting effects of symptoms; statements and other information provided by medical sources and other persons; and any other relevant evidence in the individual's case record." *Id.* at *4.

The Commissioner asserts the ALJ properly rejected Plaintiff's subjective symptom testimony based on his: (A) activities of daily living; (B) treatment record; (C) purported inconsistent statements; and (D) felony status, lack of stable housing, and work history.

### A. Activities of Daily Living

The ALJ rejected Plaintiff's testimony based on his daily activities. Tr. 20. Activities of daily living can form the basis for an ALJ to discount a claimant's testimony in two ways: (1) as evidence a claimant can work if the activities "meet the threshold for transferable work skills"; or (2) where the activities "contradict [a claimant's] testimony." *Orn*, 495 F.3d at 639. A claimant, however, need not be utterly incapacitated to receive disability benefits, and sporadic completion of minimal activities is insufficient to support a negative credibility finding. *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001); *see also Reddick*, 157 F.3d at 722 (9th Cir. 1998) (requiring the level of activity to be inconsistent with the claimant's alleged limitations to be relevant to his or her credibility).

---

[3] Effective March 28, 2016, SSR 16-3p superseded and replaced SSR 96-7p, which governed the assessment of claimant's "credibility." *See* SSR 16-3p.

Plaintiff's minimal level of activities in this case fall well short of the demanding clear-and-convincing standard. Here, the ALJ cited multiple activities, including Plaintiff's ability to shop for groceries, possession of a driver's license and ability to drive, and ability to go for walks with his partner. Tr. 20. The Ninth Circuit has consistently instructed, however, that such a modest level of activity is not sufficient to reject subjective complaints. *See Vertigan*, 260 F.3d at 1050 ("This court has repeatedly asserted that the mere fact that a Plaintiff has carried on certain daily activities, such as grocery shopping, driving a car, or limited walking for exercise, does not in any way detract from her credibility as to her overall disability. One does not need to be 'utterly incapacitated' in order to be disabled.") (quoting *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989)).

Moreover, the ALJ's discussion of Plaintiff's daily activities failed to explain "what symptom testimony [was] not credible and what facts in the record lead to that conclusion." *Smolen*, 80 F.3d at 1284; *see also Dodrill*, 12 F.3d at 918. As courts in this District have explained, an "ALJ's mere recitation of [a claimant's] activities [is] insufficient to support rejection of [the claimant's] testimony as a matter of law." *Carolyn P. v. Comm'r, Soc. Sec. Admin.*, No. 6:18-cv-01851-SU, 2019 WL 6896905, at *4 (D. Or. Dec. 18, 2019). In other words, other than generally summarizing Plaintiff's activities, the ALJ failed to explain how any of the listed activities undermined his subjective symptom testimony. Therefore, this was not a clear and convincing reason to reject Plaintiff's testimony. *See Vincent T. v. Berryhill*, No. 3:17-cv-00152-SI, 2018 WL 3493072, at *5 (D. Or. July 20, 2018) (rejecting ALJ's reliance on claimant's activities where "the ALJ did not explain how these minimal activities undermined [the claimant's] symptom testimony").

### B. Lack of Treatment

The ALJ also rejected Plaintiff's testimony because he had "not generally received the type of medical treatment one would expect for a totally disabled individual." Tr. 20. A claimant's treatment record is a relevant consideration ALJs should consider in evaluating subjective complaints. *See* 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). Indeed, "[u]nexplained, or inadequately explained, failure to seek treatment," absent a good reason, can suffice as a clear and convincing rationale to discount testimony. *Fair*, 885 F.2d at 603. However, ALJs are also required to consider "any explanations that the individual may provide, or other information in the case record, that may explain" the failure to follow a treatment plan. *Orn*, 495 F.3d at 638 (quotation omitted); *see also* SSR 16-3p at *9 ("We will not find an individual's symptoms inconsistent with the evidence in the record on this basis without considering possible reasons he or she may not comply with treatment or seek treatment consistent with the degree of his or her complaints."). Finally, the Ninth Circuit has directed that "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation." *Garrison v. Colvin*, 759 F.3d 995, 1018 n.24 (9th Cir. 2014) (internal quotation marks omitted).

The ALJ's reasoning fails for at least two reasons. First, the record reflects that Plaintiff did in fact seek treatment. At the hearing, Plaintiff testified that he was attempting to obtain access to therapy and that he was "waiting for the callback . . . so [he could] have [his] first appointment." Tr. 39. Indeed, the consultative examiner in this case specifically noted that Plaintiff was "motivated to do better" and to "get his life on track" in recommending that Plaintiff "would benefit from psychological and psychiatric treatment[.]" Tr. 216.

Second, the ALJ failed to consider possible explanations for the thin treatment record in this case. As the consultative examiner highlighted: Plaintiff "was imprisoned for 13 years which likely also plays a role into his anxiety and he is having a difficult time reintegrating into society, [he] clearly has lost some of abilities to cope with stress." Tr. 216. Significantly, at the time of his hearing, Plaintiff was living in his van and showering "once or twice a week given his homelessness." Tr. 216; *see also* Tr. 39. As such, on this record, Plaintiff's lack of treatment was a not a clear and convincing reason to reject his testimony and the ALJ erred in failing to inquire further. *See Lord v. Berryhill, No.* 6:17-cv-00255-SI, 2018 WL 1811472, at *6 (D. Or. Apr. 16, 2018) (holding a "lack of medical treatment" was not "a clear and convincing reason to discount [the claimant's] testimony regarding his mental health limitations"); *see also Claire G. v. Berryhill*, No. 3:18-cv-00492-HZ, 2019 WL 2287733, at *10 (D. Or. May 28, 2019) (holding ALJ erred in "fail[ing] to explore why [the claimant] had only sporadic mental health treatment").

### C. Inconsistent Statements

The ALJ also rejected Plaintiff's subjective symptom testimony based on purported inconsistent statements regarding his employment history. Tr. 20. Prior to the implementation of SSR 16-3p, ALJs were permitted to reject a claimant's testimony based upon inconsistent statements. *See, e.g., Thomas*, 278 F.3d at 958–59 (explaining that ALJs may consider, among other factors, a claimant's "reputation for truthfulness [and] inconsistencies" in the claimant's testimony). However, pursuant to SSR 16-3p, "adjudicators will not assess an individual's overall character or truthfulness in the manner typically used during an adversarial court litigation. The focus of the evaluation of the individual's symptoms should not be to determine whether he or she is a truthful person." 2017 WL 5180304 at *11; *see also Joseph O. v. Comm'r*

*of Soc. Sec.*, No. 3:17-cv-01841-CL, 2019 WL 4561453, at *10 (D. Or. Sept. 3, 2019), *adopted*, 2019 WL 4544265 (D. Or. Sept. 18, 2019). As such, any purported inconsistencies could not have formed the basis of the ALJ's rejection of Plaintiff's testimony and were therefore not were not a clear and convincing reason to reject it. *See Cirdan E. v. Berryhill*, No. 6:17-cv-1530-SI, 2018 WL 5786216, at *6 (D. Or. Nov. 5, 2018) ("This type of inconsistency, however, is not a factor to be considered under SSR 16-3p. It is the type of 'credibility' assessment that has been disavowed when SSR 96-7p was replaced.").

### D. Felony Status, Lack of Stable Housing, and Work History

Finally, the ALJ found that "the record suggest[ed] the main reasons [Plaintiff was] having difficulty working [was] due to his felony status, lack of stable housing, and limited work history, rather than symptoms relating to his mental impairments." Tr. 19. That conclusion, however, lacks support in the record, which showed that Plaintiff was able to obtain jobs, albeit briefly, despite his felony status but lost those jobs for reasons directly relating to his mental health impairments. For example, the record reflects that Plaintiff obtained a job at a convenience store shortly after his release from prison; however, he ultimately lost that job because of attendance issues related to his mental impairments. Tr. 34, 38; *see also* Tr. 215–16 (reporting difficulties and increased panic attacks that "ultimately [resulted in Plaintiff being] fired due to lateness"). Additionally, Plaintiff was forced to leave a job as a food service delivery truck driver "because his anxiety was too difficult to control." Tr. 224; *see also* Tr. 38 (explaining that attempting to drive the truck "pretty much paralyzed" Plaintiff for "like an hour or so [and] he couldn't move").

As for Plaintiff's lack of stable housing, the ALJ's decision merely cites to evidence that such a circumstance existed, but failed to draw any causal connection between Plaintiff's

Page 10 – OPINION AND ORDER

housing status and his testimony relating to his mental impairments. *Cf. Burrell v. Colvin,* 775 F.3d 1133, 1138 (9th Cir. 2014) (an ALJ must "link" the testimony she finds not credible to "to the particular parts of the record supporting her non-credibility determination"); *see also Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103 (9th Cir. 2014) (an "ALJ must identify the testimony that was not credible, and specify what evidence undermines the claimant's complaints") (citation and quotations marks omitted). As such, Plaintiff's felony status, lack of stable housing, and work history were not clear and convincing reasons to reject his testimony.[4]

In sum, the ALJ failed to supply clear and convincing reasons supported by substantial evidence to reject Plaintiff's subjective symptom testimony. The ALJ is reversed as to this issue.

## II.   Medical Opinion Evidence

The ALJ is responsible for resolving conflicts in the medical record, including conflicting physicians' opinions. *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1164 (9th Cir. 2008). The law distinguishes between the opinions of three types of physicians: treating physicians, examining physicians, and non-examining physicians. *See* 20 C.F.R. §§ 404.1527, 416.927.[5] The opinions of treating physicians are generally accorded greater weight than the opinions of non-treating physicians. 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2); *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). A treating physician's opinion that is not contradicted

---

[4] The Court additionally finds the thrust of the ALJ's reasoning particularly problematic: Taken to its logical conclusion, if ALJs were permitted to reject a claimant's testimony based on felony status and a lack of stable housing, persons previously having paid their debt to society and persons experiencing homelessness could potentially always have their subjective symptom testimony rejected. The Court declines to embrace such a rationale.

[5] The Commissioner has issued revised regulations changing this standard for claims filed after March 27, 2017. *See* 20 C.F.R. § 404.1520c. Plaintiff's claim was filed before March 27, 2017, and therefore is controlled by 20 C.F.R. §§ 404.1527, 416.927.

by the opinion of another physician can be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where a treating physician's opinion is contradicted by the opinion of another physician, however, the ALJ must provide "specific, legitimate reasons" for discrediting the treating physician's opinion. *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983). An ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quotation omitted).

Daniel McCabe, M.D., conducted a psychiatric evaluation on Plaintiff in January 2016. In his clinical interview, Dr. McCabe found Plaintiff had "numerous PTSD symptoms related" to his son's accidental death, "including nightmares, intrusive thoughts, physiologic reactivity to being remined of his son's death or his son in general, panic attacks with agoraphobia, shortness of breath when in public, shortness of breath when around others, poor concentration, poor memory, [and] difficulty sleeping with preservative intrusive thoughts." Tr. 214. The doctor observed that Plaintiff used "avoidant techniques to control [his] anxiety," including self-isolation. *Id*.

Dr. McCabe assessed agoraphobia, daily, severe with panic attacks; and PTSD, daily, severe. Tr. 215. The doctor next completed a detailed medical source statement opining that Plaintiff was markedly limited in his ability to: perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; ask simple questions or request assistance; communicate and perform effectively in a work setting; complete a normal work day and work week without interruptions from psychologically based symptoms. Dr. McCabe also concluded that Plaintiff was severely limited in his ability to adapt to changes in a routine work setting. Tr. 216.

The ALJ gave Dr. McCabe's opinion limited weight for two reasons. Tr. 21. First, the ALJ rejected the opinion because it was "contradictory to the overall record," including Plaintiff's activities of daily living. *Id*. Second, the ALJ found the opinion was internally contradictory. *Id*.

### A.     Activities of Daily Living

As noted, the ALJ discounted Dr. McCabe's opinion based on Plaintiff's daily activities. Tr. 21. Inconsistency between a doctor's opinion and a claimant's daily activities can constitute a specific and legitimate reason to discount that opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (citation omitted). When assessing whether a claimant's reported activities are inconsistent with a provider's opinions, however, an ALJ errs where she fails to base such a determination on a holistic review of the record. *See id.* ("[A] holistic review of the record does not reveal an inconsistency between the treating providers' opinions and [the claimant's] daily activities.").

The ALJ failed to take such a holistic view of the record here. For example, although the ALJ cited Plaintiff's ability to access social services, move to Oregon from Nevada, and attend visitation sessions with his daughter, the Court finds such limited activities are not in tension with Dr. McCabe's opinion. Indeed, the doctor's report listed quite modest daily activities and specifically noted that "in general [Plaintiff] stays clear of places where there are people." Tr. 214–16. As such, Plaintiff's activities of daily living were not a specific and legitimate reason to reject Dr. McCabe's opinion. *See Ghanim*, 763 F.3d at 1162 (holding that the ability to complete "some basic chores and occasionally socialize[]" is not a specific and legitimate reason to discount a doctor's opinion where a "holistic review of the record" showed the claimant "relied

heavily on his caretaker, struggled with social interactions, and limited himself to low-stress environments").

### B.     Internal Contradiction

The ALJ next found that Dr. McCabe's opinion that Plaintiff had marked limitations "relating to his ability to work due to his mental symptoms" was contradicted by his recommendation that Plaintiff could potentially benefit from vocational training. Tr. 21. An inconsistency within a doctor's opinion can constitute a specific and legitimate reason to reject it. *See Johnson v. Shalala*, 60 F.3d 1428, 1433 (9th Cir. 1995) (explaining that internal contradiction is a specific and legitimate reason for rejecting a treating physician's opinion). Further, the more consistent the opinion is with the evidence as a whole, the greater weight the opinion should be accorded. 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4).

Here, however, the ALJ failed to identify an actual inconsistency. Dr. McCabe's recommendation that Plaintiff would benefit from vocational training is not inconsistent with the doctor's medical source statement, which was based on a detailed clinical interview, mental status exam, and thorough clinical findings. *See* Tr. 214–17. In other words, Plaintiff presenting with limitations relating to his mental health impairments is not mutually exclusive with the doctor's observation that Plaintiff could potentially benefit from vocational training.

Moreover, when viewed in context, the recommendation appears to be based on Plaintiff's strong desire to someday support himself. Tr. 216 ("He is motivated to do better, motivated to work, and motivated, to get his life back on track and do the right thing. He is struggling though, and being held back by his anxiety. I believe he would benefit from psychological and psychiatric treatment as well as vocational training . . . ."). Accordingly, this was not a specific and legitimate reason to reject Dr. McCabe's opinion.

Page 14 – OPINION AND ORDER

In sum, the ALJ failed to supply specific and legitimate reasons supported by substantial evidence to reject the opinion of Dr. McCabe. The ALJ's evaluation of the medical evidence is reversed.[6]

### III.     Remedy

A reviewing court has discretion to remand an action for further proceedings or for a finding of disability and an award of benefits. *See, e.g.*, *Stone v. Heckler*, 761 F.2d 530, 533 (9th Cir. 1985). Whether an action is remanded for an award of benefits or for further proceedings depends on the likely utility of additional proceedings. *Harman v. Apfel*, 211 F.3d 1172, 1179 (9th Cir. 2000). In determining whether an award of benefits is warranted, the court conducts the "three-part credit-as-true" analysis. *Garrison*, 759 F.3d at 1020. Under this analysis the court considers whether:  (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand. *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015). Even if all of the requisites are met, however, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled[.]" *Id*. at 1021. "Serious doubt" can arise when there are "inconsistencies between the claimant's testimony and the medical evidence," or if the Commissioner "has pointed to evidence in the record the ALJ overlooked and explained how that evidence casts

---

[6] As discussed in greater detail below, because the Court concludes that remanding for an immediate calculation of benefits is warranted based on crediting Plaintiff's subjective symptom testimony and the opinion of Dr. McCabe as true, the Court need not reach the issue of whether the ALJ erred in rejecting the medical opinion of Amy Friday, Ph.D., who conducted a psychological assessment of Plaintiff on behalf of the Oregon Department of Human Services. *See* Tr. 219–33.

serious doubt" on whether the claimant is disabled under the Act. *Dominguez*, 808 F.3d at 407 (citing *Burrell*, 775 F.3d at 1141 (internal quotation marks omitted)).

Here, the first requisite is met based on the ALJ's harmful legal errors discussed above: The ALJ failed to supply legally sufficient reasons for rejecting Plaintiff's subjective symptom testimony and the opinion of Dr. McCabe. As to the second requisite, although the Commissioner asserts remanding for an award of benefits would be inappropriate based upon a lack of medical evidence, from a practical standpoint, Plaintiff has already undergone one consultative examination and the Court finds remanding to further develop the record in that regard would serve little useful purpose. *See Garrison*, 759 F.3d at 1021("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication.") (citation omitted).

As to the third requisite, if the discredited evidence were credited as true, the ALJ would be required to find Plaintiff disabled on remand. Dr. McCabe opined that Plaintiff had marked limitations in his ability to "[p]erform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision." Tr. 216.

The VE testified that "if a person misses more than 16 hours per month, and that could be full days or partial days . . . that person would not be [able to engage in] competitive" employment. Tr. 55. Thus, in fully crediting Dr. McCabe's opinion as true, the ALJ would be required to find Plaintiff disabled on remand. *See Clester v. Comm'r of Soc. Sec.*, No. 09-cv-765-ST, 2010 WL 3463090, at *8 (D. Or. Aug. 3, 2010) (crediting doctor's opinion that the claimant "had *marked limitations* in her ability to . . . *maintain regular attendance, and be punctual within customary tolerances*" combined with VE testimony that "individuals who miss *two or more* days on a chronic basis are not competitively employable" warranted remanding for an

immediate calculation and award of benefits) (emphasis added), *adopted*, 2010 WL 3463078 (D. Or. Aug. 31, 2010); *see also Hazen v. Colvin*, 2015 WL 1186776, at *7 (E.D. Wash. Mar. 16, 2015) (crediting doctors' opinions that the claimant had "marked limitations and an inability to sustain basic work activities" and remanding for an immediate calculation and award of benefits).

Lastly, considering the record as a whole, the Court has no basis to doubt that Plaintiff is disabled under the Act. As such, the Court concludes the proper remedy in this case is to remand for a calculation of benefits. *See Garrison*, 759 F.3d at 1022–23.

## CONCLUSION

For the reasons discussed above, the Commissioner's decision was not based on substantial evidence. Accordingly, the Commissioner's decision is REVERSED and this case REMANDED pursuant to sentence four of 42 U.S.C. §405(g) for an immediate calculation and payment of benefits.

IT IS SO ORDERED.

DATED this 24th day of April 2020.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI  
United States Magistrate Judge